UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Leon Dubbeldee and
Corrine Dubbeldee,

Plaintiffs,

v.

Civ. No. 01-2130 (JNE/JGL)
ORDER

Dakota, Minnesota & Eastern
Railroad Corporation,

Defendant.

---

Kevin O'C. Green, Esq., Green Law Office, appeared for Plaintiffs Leon and Corrine Dubbeldee.

Brian J. Donahoe, Esq., Cutler & Donahoe, appeared for Defendant Dakota, Minnesota & Eastern Railroad Corporation.

---

When Leon Dubbeldee was driving to work in his truck, he collided with a train operated by Dakota, Minnesota & Eastern Railroad Corporation (Railroad). As a result of the injuries he suffered, Mr. Dubbeldee and his wife, Corrine Dubbeldee, brought this action against the Railroad, alleging claims of negligence and loss of consortium. The matter is before the Court on the Railroad's motion for summary judgment or, in the alternative, motion to dismiss pursuant to Rule 41 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

The following facts are undisputed. Early one clear, dry morning, Mr. Dubbeldee was traveling to work in his truck. As he approached a railroad "crossbuck" crossing on Tower Road in New Ulm, Minnesota, he did not stop and proceeded into the crossing. At the same time, a train operated by the Railroad was approaching the same crossing. The train had its lights on.



FILED OCT 27 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

The train's crew saw Mr. Dubbeldee's truck on Tower Road and at some point, activated the train's whistle and its emergency braking system. Mr. Dubbeldee and the train collided, and Mr. Dubbeldee sustained injuries as a result of the collision. Later, Mr. Dubbeldee was found guilty of violating Minn. Stat. § 169.26, subd. 1.[1]

The Dubbeldees commenced this action in Blue Earth County District Court with a two-count complaint. The Railroad removed the action to this Court because the parties are diverse and the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The Railroad now moves for summary judgment or, in the alternative, to dismiss this action for failure to prosecute.

## II. DISCUSSION

### A. Contributory and Comparative Negligence

The Railroad moved for summary judgment, contending that the Complaint should be dismissed in its entirety because both claims are barred by Mr. Dubbeldee's contributory negligence. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record] which it believes demonstrate the

---

1 Minn. Stat. § 169.26, subd. 1 provides that "[w]hen any person driving a vehicle approaches a railroad grade crossing under any of the circumstances stated in this paragraph, the driver shall stop the vehicle not less than ten feet from the nearest railroad track and shall not proceed until safe to do so. These requirements apply when . . . (2) an approaching railroad train is plainly visible and is in hazardous proximity."

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the non-moving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In its opening memorandum, the Railroad presents facts, including Mr. Dubbeldee's conviction, which it claims establish that Mr. Dubbeldee was contributorily negligent. As a result, the Railroad argues there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. The Railroad fundamentally misconstrues Minnesota law. Minnesota adopted the Comparative Fault Act in 1969, and since then, the doctrine of comparative fault has replaced the doctrine of contributory negligence for all tort claims. *See* Act of May 23, 1969, ch. 624, § 1, 1969 Minn. Laws 1069 (codified as Minn. Stat. § 604.01 (1969)). Comparative fault, also referred to as comparative negligence, is based on the theory that a plaintiff may be negligent and still recover damages, as long as a plaintiff's fault is not greater than the defendant's fault. *Van Gordon v. Herzog,* 410 N.W.2d 405, 409 (Minn. Ct. App. 1987). Because the Railroad only focuses on the fact that Mr. Dubbeldee was contributorily negligent, the arguments in its opening memorandum are without merit.

In their opposition memorandum, the Dubbeldees alert the Railroad to some key matters, including the 1969 change in Minnesota tort law and evidentiary issues related to the admissibility of Mr. Dubbeldee's conviction under Minn. Stat. § 169.26. The Dubbeldees also point to several factual disputes concerning when the train crew blew the whistle, what Mr. Dubbeldee could see, how bright the train's lights were, and whether the train's crew activated the emergency braking system in a reasonable time. In its reply memorandum, the Railroad continues to argue that it is entitled to summary judgment under *Alderman's Inc. v. Shanks*, 536

N.W.2d 4, 7 (Minn. 1995), claiming that Mr. Dubbeldee was per se negligent because he violated a Minnesota Statute. It also asserts that the undisputed facts establish that Mr. Dubbeldee was more at fault than the Railroad. The Railroad ignores the evidentiary issues raised by the Dubbeldees.

Issues involving negligence and contributory negligence normally involve factual disputes for a jury to decide. *See e.g., Alholm v. American Steamship Co.*, 144 F.3d 1172, 1179 (8th Cir. 1998). In this case, the analysis is complicated because, as the Dubbeldees have observed, the use of Mr. Dubbeldee's conviction may be limited under Minnesota state law. *See* Minn. Stat. §§ 169.94-.96 (2002).[2] Moreover, although neither party addressed the issue, the analysis is further complicated because this case involves the use of state evidentiary statutes in a diversity action. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). Viewing the evidence in the light most favorable to the Dubbeldees, the Court concludes that there are genuine issues of material fact that preclude summary judgment. For example, there are factual disputes about when the train crew sounded the whistle, how bright the train's lights should have been, and whether Mr. Dubbeldee exercised reasonable care in the circumstances. For these reasons, the Court denies the Railroad's motion for summary judgment.

**B. Failure to Prosecute**

The Railroad moves in the alternative for an order dismissing the Dubbeldees' claims under Rule 41 of the Federal Rules of Civil Procedure. Under Rule 41, a district court may dismiss an action with prejudice if a plaintiff fails to prosecute or to comply with the rules or a

---

[2] Minn. Stat. § 169.94, subd. 1, provides that "[n]o record of the conviction of any person for any violation of this chapter shall be admissible as evidence in any court in any civil action," and Minn. Stat. § 169.96(b) provides that "[i]n all civil actions, a violation of any of the provisions of this chapter, by either or any of the parties to such action or actions shall not be negligence per se but shall be prima facie evidence of negligence only."

court's orders. *See* Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984). Thus, a dismissal for failure to prosecute is proper only when there has been "a clear record of delay or contumacious conduct by the plaintiff." *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (internal quotations omitted).

The Railroad asserts that dismissal under this rule is proper because the Dubbeldees have yet to identify an expert and because they have allowed discovery deadlines to pass without conducting any discovery. In response, the Dubbeldees argue that dismissal is not warranted because they have not willfully disobeyed any court order and because both sides have conducted what they believe to be sufficient discovery.

The Railroad's argument is unavailing. While the Dubbeldees have not vigorously prosecuted their claims, they responded to the Railroad's motion, appeared at the hearing on this motion, and conducted some, albeit very little, discovery. Moreover, the Railroad also has elected not to use an expert and thus, its argument about the Dubbledees' expert election is not persuasive. Therefore, based on the record, the Court finds that Dubbeldees have not engaged in contumacious conduct sufficient to warrant dismissal for failure to prosecute. Accordingly, the Railroad's motion for dismissal pursuant to Rule 41 is denied.

**C. Scheduling Order**

The accident at issue occurred in November 1995, and the Dubbeldees filed the Complaint in November 2001. Since then, both sides have conducted limited discovery, and all scheduling deadlines have passed. Therefore, in light of the Court's Order, the parties are

directed to contact Chief Magistrate Judge Lebedoff to schedule a conference in which to discuss issues related to discovery and to amend the scheduling order to set a new trial-ready date.

## III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, IT IS ORDERED that:

1. Dakota, Minnesota and Eastern Railroad Corporation's Motion for Summary Judgment or Motion to Dismiss pursuant to Rule 41 [Docket No. 9] is DENIED.

2. The parties shall contact Chief Magistrate Judge Lebedoff within fifteen (15) days of this Order to schedule a conference to amend the scheduling order.

Dated: October 27, 2003

JOAN N. ERICKSEN
United States District Judge